IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01840-BNB

MATTHEW A. SMITH,

     Plaintiff,

v.

DEVRY KELLER GRADUATE SCHOOL OF MANAGEMENT,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Matthew A. Smith, has filed *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Mr. Smith is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Smith will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

     The court has reviewed the Complaint and finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Smith's claims in the Complaint apparently arise out of educational classes in which he was enrolled.  However, Mr. Smith fails to provide a short and plain statement of any claims showing he is entitled to relief.  Although he refers to various federal statutes in the jurisdiction portion of the Complaint (*see* ECF No. 1 at 2), he does not allege facts to support a claim under any of those statutes.  With respect to Title VII of the Civil Rights Act of 1964, Mr. Smith fails to allege that he suffered employment discrimination on the basis of his race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  With respect to 18 U.S.C. § 242, Mr. Smith lacks standing to prosecute a criminal action.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F.

2

Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute

federal criminal proceedings.").  Finally, with respect to 42 U.S.C. § 1981, Mr. Smith

fails to allege facts to support a claim of racial discrimination under that statute.  *See*

*Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001)

(discussing elements of § 1981 claim).

Therefore, Mr. Smith will be ordered to file an amended complaint that clarifies

the claims he is asserting.  Mr. Smith is advised that, in order to state a claim in federal

court, he "must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the

plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*,

492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be

construed liberally has limits and "the court cannot take on the responsibility of serving

as the litigant's attorney in constructing arguments and searching the record."  *Garrett v.*

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In addition, "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon

which relief can be granted upon any legally sustainable basis."  *New Home Appliance*

*Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Smith file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Smith shall obtain the appropriate court-approved

Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Smith fails within the time allowed to file an

amended complaint that complies with this order the action will be dismissed without further notice.

DATED August 15, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge