IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01840-BNB

MATTHEW ALAN SMITH,

    Plaintiff,

v.

DeVRY UNIVERSITY, INC.,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Matthew Alan Smith, initiated this action by filing *pro se* a Complaint (ECF No. 1). On August 15, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Smith failed to allege facts in support of the claims he was asserting. On October 15, 2013, Mr. Smith filed an Amended Complaint (ECF No. 11). On October 16, 2013, Mr. Smith filed a second Amended Complaint (ECF No. 13). On October 17, 2013, Mr. Smith filed a third Amended Complaint ECF No. 14).

The Court must construe the third Amended Complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the third Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the

action will be dismissed.

The Court has reviewed the third Amended Complaint and finds that it also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Mr. Smith was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Smith apparently was a student at DeVry University.  He asserts four claims

for relief in the third Amended Complaint challenging grading policies and the grades he received. However, Mr. Smith fails to provide a short and plain statement of his claims showing he is entitled to relief because he still fails to allege specific facts in support of those claims. Mr. Smith apparently believes Defendant discriminated against him because of his race, sex, and disability, but his vague and conclusory allegations of discrimination are not sufficient to support a cognizable claim for relief. Mr. Smith's naked references to a variety of federal statutes also is not sufficient to demonstrate the existence of a cognizable claim pursuant to any of the referenced statutes.

The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Smith fails to provide specific factual allegations in support of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, the second Amended Complaint, the third Amended Complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the Motion for Settlement Conference (ECF No. 12) filed on October 15, 2013, is DENIED as moot.

DATED at Denver, Colorado, this  21st  day of   October   , 2013.

BY THE COURT:

　　s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court